| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE ALLEN SUPERIOR COURT |
| ) SS: | | |
| COUNTY OF ALLEN ) | | CAUSE NO._____ |

VERONICA KETTON,                )
                                )
        Plaintiff,              )
                                )
v.                              )
                                )
P.A.M. TRANSPORT, INC.,         )
                                )
        Defendant.              )

## COMPLAINT

Plaintiff alleges against Defendant that:

1. The Plaintiff is Veronica Ketton, a resident of qualified female employee of the Defendant at all material times to this Complaint.

2. The Defendant P.A.M. Transport, Inc., a company doing business at 4201 Piper Drive, Fort Wayne, Indiana 46809. Defendant's Corporate Headquarters is located at 297 W. Henry di Tonti Boulevard, Tontitown, Arkansas 72770. At all material times to this Complaint, Defendant was an "employer" for purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq*. ("Title VII").

3. Plaintiff filed a Charge of Discrimination with the EEOC on November 19, 2020, Charge No. 470-2021-00547, a copy of which is attached hereto, made a part hereof, and incorporated herein as Exhibit "A". The EEOC issued a Dismissal and Notice of Rights to Sue on February 18, 2021 (attached as Exhibit "B"), and this Complaint has been filed within ninety (90) days after receipt there.

4. All administrative remedies have been exhausted, and all jurisdictional prerequisites

have been met for the filing of this lawsuit.

5. Plaintiff continues in her employment with Defendant, and holds the position of Truck Driver. She began working for the Defendant on July 15, 2019, and has performed within the reasonable expectations of the Defendant at all material times.

6. Beginning in November of 2019, Plaintiff was harassed by coworker Romelo Road who repeatedly subjected Plaintiff to sexual harassment, including in-person and online harassment. Mr. Road was the Driver Manager at the time of the harassment, but not Plaintiff's direct supervisor.

7. Romelo Road also touched Plaintiff's rear end on one occasion, and grabbed Plaintiff and attempted to pull her close to him. Both incidents were highly offensive and constituted sexual battery.

8. There were many incidents of sexual harassment, the details of which are contained in Exhibit "A".

9. Plaintiff reported the sexual harassment to her supervisors on several occasions, but nothing was done about it.

10. After reporting the sexual harassment, Defendant suddenly started giving Plaintiff unwarranted write-ups.

11. Defendant also changed Plaintiff's shift, which caused undue hardship to Plaintiff and her family.

12. Plaintiff contends that Defendant discriminated against her and retaliated against her on the basis of her sex in violation of Title VII.

13. Plaintiff contends that she was the victim of sexual battery on the job, and Defendant

did nothing to remedy the situation.

14. Defendant's unlawful conduct was the direct and proximate cause of Plaintiff suffering lost income, a change in her work shift, inconvenience, mental anguish, and other damages and injuries.

15. Defendant's conduct was intentional, knowing, willful, wanton and in reckless disregard of Plaintiff's rights under Title VII, warranting an imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for compensatory damages, punitive damages, reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:   (260) 424-0712
E-mail:      cmyers@myers-law.com
Counsel for Plaintiff

```
03:28:58 p.m. 11-19-2020    4
NOV/19/2020/THU 05:07 PM          FAX No.                                    P. 004
```

02D03-2105-CT-000272 — Filed: 5/19/2021 3:08 PM Clerk, Allen Superior Court 3, Allen County, Indiana SW

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: ☐ FEPA  ☒ EEOC

Agency(ies) Charge No(s): EEOC Indianapolis District Office RECEIVED 11/19/20  470-2021-00547

and EEOC

**Equal Employment Opportunity Commission**
State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Veronica D. Ketton | 260-341-0124 | |

Street Address: 3525 McKinnie Avenue, Fort Wayne, IN 46806

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| P.A.M. Transport, Inc. | 25+ | 260-636-1000 |

Street Address: 297 W. Henri De Tonti Boulevard, Springdale, Arkansas 72762

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION  ☐ PREGNANCY
☒ OTHER (specify) Sex Harassment

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: November 2019   Latest: Present Date
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. Complainant is Veronica Ketton, a qualified female employee of the Respondent's. She contends that the Responded discriminated against, harassed and retaliated against on account of her sex (female) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq*. ("Title VII").

II. The Respondent is PAM Transport is a trucking company doing business at 4201 Piper Drive, Fort Wayne, Indiana 46809. Its corporate headquarters are at 297 West Henri de Tonti Blvd., Tontitown, AR 72770. The Respondent's registered agent is Vandermoere & Macke, located at 4008 West 79th Street, Indianapolis, IN 46268. At all material times to this Charge, the Respondent was an "employer" for the purposes of Title VII.

III. The Complainant is a current employee of the Respondent. She has worked for them as a semi-truck driver since July 15, 2019, and has performed within the reasonable expectations of the Respondent at all materials times.

CONTINUED ON PAGE 2

Ex. A

EEOC
Indianapolis District Office
RECEIVED 11/19/20
470-2021-00547

IV. Beginning in about November 2019, the Complainant was harassed by coworker Romello Road, who repeatedly subjected the Complainant to sexually offensive verbal and physical harassment. Road was a Driver Manager at the time of the incidents, but not the Complainant's direct supervisor.

V. The initial incident occurred when shortly after Mr. Road and the Complainant talked in the Respondent's break room about attending an upcoming company Christmas party, and that Road had the option to ride to the party with the Complainant and her daughter, who was Road's age. A couple of days later, coworker Jordan _____ approached the Complainant in the break room, and informed her that Mr. Road had bragged that the Complainant "liked him", and the Complainant explained they had merely talked about him riding with her and her daughter, with no romantic intentions involved.

VI. A couple of more days later, the Complainant came into contact with Mr. Road, and confronted him about what he had said to their coworkers and asked why he chose to spread his misleading claims around to them. Mr. Roads told the Complainant "because you know you want me". The Complainant then explained to Roads she had no romantic or sexual interest in him, and pointed out that he was her daughter's age (and therefore of no interest to her).

VII. A week or so later, Roads contacted the Complainant on Facebook, and accused her of "being afraid of what he might do to her sexually". Again, the Complainant rebuffed him and made it clear she wasn't interested in him or his sexual advances.

VIII. After the Company Christmas party (in December 2019), Mr. Road called the Complainant on her work phone on a Sunday night and suggested they could "mess around". The Complainant again rebuffed him, and told him to "leave things alone" as in leave her alone and stop propositioning her.

IX. In January, the Complainant was assigned to work a trucking "lane" (route) to drive to Adrian Michigan. Her shifts started on Sundays between 8pm and 9pm. And incident occurred in which the Complainant came into begin work, only to discover Mr. Road was the only Driver Manager on site. He attempted to again proposition her, by telling her she "smelled good", and then without permission grabbed her. The Complainant found this highly offensive and told Mr. Road to keep his hands off of her and stop.

X. At the end of January 2020, the Complainant went to work on another Sunday evening, again to be confronted by Roads and his inappropriate and harassing conduct. That time, without invitation, he followed her out to where her truck was parked. When she went to step up into the truck, he came up behind her and without permission, touched her "butt" on the pretext of helping her get up into the vehicle. The Complainant asked him what he was doing and to stop.

XI. In February 2020, on one Sunday, an incident occurred in which Roads grabbed the Complainant and attempted to pull her into the back of the conference room for drivers. The Complainant physically resisted and demanded he stop. Roads that there were not any cameras in that area. When the Complainant responded 'I don't care- stop pulling on me!" Roads said "you know you want me". The Complainant continued to protest that she did not, and threatened to report to Roads to the Respondent if he didn't leave her alone, though Roads told her she wouldn't be believed.

CONTINUED ON PAGE 3

EEOC
Indianapolis District Office
RECEIVED 11/19/20
470-2021-00547

XII. When able, the Complainant called her friend/coworker Jesus Escareno and told him what had just happened, but that the Complainant was fearful she'd be fired in a complaint was made to management about Road.

XIII. In February 2020, Complainant complained to her supervisors Josh _____ and Brad Krocker, and told them she didn't want to come into work on Sundays anymore because Mr. Road had been harassing her. Josh told the Complainant that if she didn't come in on Sundays, then she would lose here lane (route assignment). The Complainant then left the meeting.

XIV. On almost every Sunday that Complainant worked, Mr. Roads would harass her. On one occasion, he followed the Complainant out to her truck. This time, though, he tried to pull her pants down. This occurred on another Sunday night. Fortunately, the Complainant was able to kick him off her, and he then walked away.

XV. The Complainant promptly called Steve Newman, who was another driver [is that his job title?], who also worked Sunday nights.

XVI. During the rest of February and March, 2020, on at least 4 more occasions Roads attempted again to touch/grab/grope the Complainant.

XVII. The Respondent shut down work in mid or late March due to the ongoing Covid-19 pandemic. The Complainant was called back to work by the Respondent in late May or early June 2020. Upon her return to from the Respondent's shut down, Roads restarted the harassment.

XVIII. From her return to work, to the end of July, when the Complaint went into work on Sundays, Roads subjected her to further harassment. He "talked dirty" to the Complainant, accused the Complainant of not wearing panties or a bra, and made offensive comments such as, "I know you don't have any panties on, because I can see your pussy print."

XIX. On August 23, 2020, and incident occurred in which Roads entered a truck that the Complainant was attempting to clean out, touched her "butt" and tried to shove his hands between her legs. The Complainant was saved from further assault when at that moment a coworker named Mike _____ knocked on the truck and began talking, stopping Roads' from further groping. The Complainant reported this latest incident of harassment and assault to Chandra Carpenter (the Operations Manger).

XX. After the August 25th complaint about the incident, the Complainant was informed she was being taken off of her regularly assigned lane, and was have to do shuttle lanes at the end of her shift. Her work hours also became unpredictable, and she was put to work on an /as needed basis" as opposed to having a regular work schedule. This change in her lane assignment effected the Complainant's work hours, which in turn created a hardship for her by interfering with her efforts to need to drive her daughter to school on weekday mornings. The Complainant requested to be permitted to work the day shift, which would have eliminated this scheduling conflict, but the Respondent refused to grant her request.

CONTINUED ON PAGE 4

03:28:58 p.m. 11-19-2020    7
NOV/19/2020/THU 05:08 PM                                          FAX No.                                       P. 007

EEOC
Indianapolis District Office
RECEIVED 11/19/20
470-2021-00547

XXI. On or about September 14, 2020 or September 15, 2020, the Respondent suddenly gave the Plaintiff six disciplinary write ups. Before that, she had none. Prior to receiving the mass of write ups, the Complainant also had never been informed that the Respondent had concerns about her attendance. The disciplinary actions were primarily for alleged unexcused absences, although for only two of the dates at most, had the absences actually been unexcused. The Complainant contends the disciplinary actions were unjustified and the allegations were otherwise false and pretextual.

XXII. The Complainant contends that the Respondent discriminated against her, harassed, and retaliated against her on the basis of her sex (female) and for protesting sexual harassment in the workplace. The Respondent's unlawful discriminatory, harassing and/or retaliatory conduct created a hostile work environment and negatively affected the terms, conditions and benefits of employment for the Complaint.

XXIII. The Respondent's complained of conduct was the direct and proximate cause of the Complaint suffering an unjustified decrease in her work hours, loss of job-related benefits including income, and also subjected the Complainant to inconvenience, mental anguish, emotional distress, and other damages and injuries. The Complainant is entitled to seek compensatory damages, and reasonable attorney fees and costs against the Respondent.

XXIV. The Respondent's complained of conduct was intentional, knowing, willful, wanton, and in reckless disregard of the Complainant's federally protected rights under Title VII. The Complainant is entitled to seek punitive damages against the Respondent.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

11-19-20
Date                    Charge Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

Janelle D Gunn
Notary Public Seal State of Indiana
Allen County
Commission Number NP0723963
My Commission Expires 10/31/2027

EEOC Form 161 (11/2020)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| **To:** Veronica D. Ketton<br>3525 Mckinnie Avenue<br>Fort Wayne, IN 46806 | **From:** Indianapolis District Office<br>101 West Ohio Street<br>Suite 1900<br>Indianapolis, IN 46204 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2021-00547 | Michelle D. Ware,<br>Enforcement Supervisor | (463) 999-1184 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____    FEB 1 8 2021
Michelle Eisele,                                     (Date Issued)
District Director

Enclosures(s)

cc:  **Carl Cartwright**                              **Christopher C. Myers**
     **Legal Specialist**                              **CHRISTOPHER C. MYERS & ASSOCIATES**
     **P.A.M. TRANSPORT, INC.**                        **809 S. Calhoun Street**
     **297 West Henri De Tonti Blvd**                  **Suite 400**
     **Tontitown, AR 72770**                           **Fort Wayne, IN 46802**

Ex. B